lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DANDRIDGE WASHINGTON,           )
                                )
       Plaintiff,              )
                                )
v.                              )    Case No. 11-2188-JAR
                                )
JACOB HARRIS, et al.,           )
                                )
       Defendants.             )
                                )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Dandridge Washington's Motion to Remand (Doc. 7). Defendant Jacob Harris has responded and moves to amend his Notice of Removal (Doc. 9). For the reasons set forth below, plaintiff's motion is granted and defendant's motion to amend is denied.

*Background*

Plaintiff sued defendants for negligence and civil rights violations under 42 U.S.C. § 1983 in the Wyandotte County, Kansas District Court. Defendant Harris filed a Notice of Removal with this Court (Doc. 1) alleging federal question jurisdiction, which failed to attach the summons or account for the absence of the additional defendants. Harris is the only defendant to be served, and the other defendants have been dismissed without prejudice pursuant to K.S.A. § 60-241(a)(1)(A)(i).[1] In response to plaintiff's motion to remand, Harris seeks leave to amend his Notice of Removal to cure these procedural defects.

---

[1](Doc. 10, Ex. A.)

*Discussion*

A defendant may remove a civil action to federal court if the plaintiff originally could have filed suit in federal court.[2] Under 28 U.S.C. § 1446(a), a defendant must:

> [F]ile in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

A defendant must also "file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."[3] The removal statutes are construed narrowly,[4] and "there is a presumption against removal jurisdiction."[5] Doubts about removal must be resolved in favor of remand.[6]

Plaintiff argues that the Court should remand this case back to State court because defendant (1) failed to attach the summons to his Notice of Removal and (2) failed to expressly explain the absence of co-defendants. Plaintiff does not dispute that this Court would have federal question jurisdiction, and the issue centers on whether defendant's procedural failures require this Court to remand the case to State court or whether to permit defendant to cure these defects.

    **1.    Failure to Attach Process**

---

[2] *See* 28 U.S.C. § 1441(a); *Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1244-45 (10th Cir. 2005).

[3] 28 U.S.C. § 1446(d).

[4] *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005).

[5] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[6] *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

As plaintiff notes, there are two competing viewpoints on whether a failure to attach process to a notice of removal requires remand.[7] "The predominant view is that the removing party's failure to file the required state court papers is 'curable in the federal courts if there is a motion to remand.'"[8] Although the Tenth Circuit has not addressed this issue, several Circuit courts as well as courts in the District of Kansas have followed this approach.[9]

Plaintiff urges the Court to follow the minority view, which is based upon an understanding that the technical requirements of § 1446 are mandatory.[10] This Court agrees with Judge Marten, who recently addressed the same issue in *Christenson Media Group, Inc. v. Lang Industries, Inc.*[11] and found this line of cases unpersuasive. The Court joins this district's decisions that refused to require remand because of a defendant's failure to attach process, and holds that defendant's failure to attach the summons to its initial Notice of Removal does not deprive this Court of subject matter jurisdiction and does not require immediate remand. In so holding, the Court notes that it is "well within its discretion to prevent remand based upon a mere technical defect," as "this minor procedural defect is not the type that typically justifies

---

[7]*Christenson Media Grp., Inc. v. Lang Indus., Inc.*, —F. Supp. 2d —, 2011 WL 1060968, at *2 (D. Kan. Mar. 21, 2011) (citing *Yellow Transp., Inc. v. Apex Digital, Inc.*, 406 F. Supp. 2d 1213, 1215 (D. Kan. 2005)).

[8]*Yellow Transp.*, 406 F. Supp. 2d at 1215 (quoting 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure § 3733 (3d ed. 1998)).

[9]*Christensen*, 2011 WL 1060968, at *3 (collecting cases).

[10]*See, e.g.*, *Durand v. Hartford Life & Accident Ins. Co.*, No. 07-00614-MSK, 2007 WL 1395336, at *1 (D. Colo. May 9, 2007) (criticizing *Yellow Transportation* decision as failing to give sufficient weight to Supreme Court's instruction that removal statutes are to be "strictly construed"); *Andalusia Enter., Inc. v. Evanston Ins. Co.*, 487 F. Supp. 2d 1290, 1300 (N.D. Ala. 2007) ("This statute cannot be ignored as a mere technicality.").

[11]—F. Supp. 2d —, 2011 WL 1060968, at *4 (D. Kan. Mar. 21, 2011).

remand."[12]  The Court also notes that 28 U.S.C. § 1447(b) grants the district court the authority to "require the moving party to file with its clerk copies of all records and proceedings in such State court," which is consistent with the court's authority to prevent remand on minor procedural defects and grant defendant the opportunity to cure the defect.[13]

### 2. Joinder of Co-defendants

Nevertheless, defendant's Notice of Removal contains an additional defect that is not considered minor.  The removal statute speaks generally to the manner of removal.  It does not require that all defendants who have been served in a multi-defendant case must join in the notice of removal.[14]  The Tenth Circuit has stated, however, the general removal rule "require[s] all defendants to join the removal petition."[15]  A defendant who has not yet been served with process is not required to join.[16]  When fewer than all of the defendants have joined in a removal action, the removing party has the burden under 28 U.S.C. § 1446 to explain affirmatively the absence of any co-defendants in the notice of removal.[17]

In this case, the Notice of Removal fails to explain the absence of the co-defendants, who had not been served at the time of removal, and have subsequently been dismissed from the

---

[12]*Id*. at *5 (citing *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077-79 (10th Cir. 1999); *Cornwall v. Robinson*, 654 F.2d 685, 686-87 (10th Cir. 1981)).

[13]*Id*.

[14]*See Tresco, Inc. v. Cont'l Cas. Co.*, 727 F. Supp. 2d 1243, 1247 (D.N.M. 2010) (citation omitted).

[15]*Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Cornwall*, 654 F.2d at 686.

[16]*Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 540-41 (1939)).

[17]*Id*. (citing *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982); 14C JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICES § 3739 (3d ed. 1997)); *Int'l Three Crown Petroleum LLC v. Petromed Corp.*, No. 10-cv-00317-WYD, 2010 WL 625026, at *1 (D. Colo. Feb. 18, 2010) (quoting *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996)).

action. While none of the co-defendants was required to join in the removal because they had not been served, defendant was required to state the reasons for their absence in its Notice.[18] This requirement is based on what the removing party must allege in the petition under § 1446(a) and does not depend on the basis of the removal or who must join the removal.[19] Defendant does not offer any explanation for this omission, nor does he cite any authority that concludes such a defect should be overlooked or permitted to be cured. While it appears that neither the Tenth Circuit nor any Kansas district courts have address the precise issue raised in the instant motion to remand, plaintiff has cited to several cases from other district courts within the Circuit holding that a Notice of Removal is defective on its face because it was filed by less than all the named defendants and did not include an explanation for the absence of co-defendants.[20] Based on defendant's defective Notice of Removal, and in keeping with the Court's directive to strictly construe removal statutes, remand to State court is appropriate.

Plaintiff seeks to recover its costs and attorneys' fees associated with the removal and the motion to remand. 28 U.S.C. § 1447(c) permits recovery of such costs and fees. "In deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal."[21] The district court has "wide discretion" in this matter.[22] The Court concludes in its discretion that an award of fees is not warranted here.

---

[18]*See Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1268 (D. Or. 2001) (citing *Airco*, 676 F.2d at 273).

[19]*Id.*

[20]*Id.*; *see also Inst. Mktg. Concepts, Inc. v. Merrill Lynch*, No. 09-cv-01378-WYD, 2009 WL 1668569, at *2 (D. Colo. June 15, 2009). *See generally Cornwall,* 654 F.2d at 686-87.

[21]*Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997).

[22]*Daleske v. Fairfield Commc'ns, Inc.*, 17 F.3d 321, 325 (10th Cir. 1994).

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Remand (Doc. 7) is GRANTED. This case is REMANDED to the District Court of Wyandotte County, Kansas.

**IT IS FURTHER ORDERED** that defendant's Motion to Amend (Doc. 9) and plaintiff's request for attorney's fees and costs and DENIED.

**IT IS SO ORDERED.**

**Dated: June 3, 2011**

                                         **S/ Julie A. Robinson**
                                         **JULIE A. ROBINSON**
                                         **UNITED STATES DISTRICT JUDGE**